Common Pleas Court of Hamilton County.

SIDNEY J. NEWMAN v. NEWMAN MFG. CO.

Decided May 27, 1933.

*Cornelius Petzhold* and *Max Schiff*, for intervenors.
*Joseph L. Meyer*, for receivers.

MATTHEWS, J.

This case comes before the court upon the intervening petition of Ernest Wengler and Herman Meierjohan to require the receivers to pay in full certain amounts stipulated to be paid by the Newman Manufacturing Company in contracts of employment with them. The theory upon which this relief is sought is that the receivers have adopted these contracts and thereby became bound as receivers to pay. Whether they did adopt these contracts and thereby make them their own is a pure question of fact. Evidence has been introduced on the subject of the dealings between the intervenors and the receivers. The intervenors were employed by the defendant at the time the receivers were appointed. The receivers were authorized to employ such persons as were necessary in the continuance of the business. These intervenors continued to perform the same kind of service after as before the appointment of the receivers. The court finds from the evidence that there was no adoption of the original contract of employment by the receivers. The fact that one of the intervenors asked for an increase in compensation and that payment of commissions was discontinued shows that they knew or should have known that the receivers did not regard themselves bound

by the terms of the original contracts. Performance of personal service by them only proved that they had some contract with the receivers. It is no proof of the terms of any express contract. It is as referable to a new contract with the receiver as to an old one with the corporation. The receivers had authority to make a new contract of employment but it would be a stretch of their authority to the point of exceeding it to contract for personal services for a period of two years when their tenure as receivers with authority to continue the business is, under the settled rules of equity, of a temporary nature. The correspondence between the attorneys shows that the intervenors were insisting on rights under their contracts with the corporation. It does not show that they were claiming that the receivers had made them their own by adoption, or that the intervenors were insisting on such adoption as a condition of their continuing to perform services for the receivers.

In the foot-note on page 144 of 1 Tardy's Smith on Receivers (2 ed.) it is said:

"A contract of employment with a corporation ceases upon the appointment of a receiver, such a termination being within the contemplation of the parties."

The weight of American authority seems to support the rule stated. Regardless of this rule, however, it is clear that the receivers were under no compulsion to adopt this contract. They were as free to contract with the intervenors as though there never had been a contract with the corporation. Having this freedom the evidence shows only a contract of employment for an indefinite period terminable at will, and does not show the adoption of the contract of the corporation as their contract.

The claims are therefore disallowed as receivers' obligations.